Elidia **DUARTE,** Plaintiff—Appellant,

v.

Clayton **BEGRIN;** Timothy **Harrison; Michelle Petrillo; Eve Prevost; City of Petaluma; Napa State Hospital; Petaluma Ecumenical Properties,** Defendants—Appellees.

No. 07–15584.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 24, 2008.

Filed Nov. 6, 2008.

Victor A. Segovia, Esquire, Walnut Creek, CA, for Plaintiff–Appellant.

Jennifer C. Addam, Esquire, Clifford F. Campbell, Esquire, Meyers Nave Riback Silver & Wilson, Oakland, CA, Michael O'Flannigan, Meyers Nave Riback Silver

& Wilson, Paul T. Hammerness, Esquire, Office of the California Attorney General, San Francisco, CA, for Defendants–Appellees.

Before: SCHROEDER and D.W. NELSON, Circuit Judges, and ROTH,* Senior Circuit Judge.

MEMORANDUM **

This case arises from an incident in which, as a result of statements she made on the phone to a crisis nurse at Napa State Hospital, Plaintiff–Appellant Elidia Duarte was taken from her home by two police officers, transported against her will to the hospital for psychological evaluation, and then released. Duarte asserted claims under 42 U.S.C. section 1983 against Napa State Hospital, nurse Michelle Petrillo, the City of Petaluma, and Petaluma police officers Clayton Begrin and Timothy Harrison. Defendants moved for summary judgment, arguing that they were entitled to qualified immunity for actions taken pursuant to California Welfare and Institutions Code section 5150, a state statute that allows for an individual to be taken into custody and placed in an appropriate facility for observation and treatment when officials have probable cause to believe that the person, "as a result of mental disorder, is a danger to others, or to himself or herself, or gravely disabled." Cal. Welf. & Inst.Code § 5150. The court granted summary judgment on grounds of qualified immunity. Plaintiff appeals only from the judgment in favor of Officers Begrin and Harrison and Nurse Petrillo.

■ There was no error in granting summary judgment in favor of the officers on immunity grounds. The officers entered the home on the basis of the exigent circumstances exception to the Fourth Amendment's warrant requirement. *See Mincey v. Arizona,* 437 U.S. 385, 392, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978). The California statute expressly authorized entry in emergency circumstances. Even if there were some doubt about the constitutionality of the entry and arrest, the officers' conduct was reasonable under the circumstances, and they are entitled to qualified immunity. *See Malley v. Briggs,* 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986); *Grossman v. City of Portland,* 33 F.3d 1200, 1209 (9th Cir. 1994).

■ With respect to Nurse Petrillo, although she misunderstood Plaintiff's description of her state of mind, Petrillo demonstrated that she reasonably believed her conduct was lawful. She was entitled to qualified immunity because, on the basis of what she understood the circumstances to be, she reasonably believed she was acting in accordance with the statute in an emergency situation.

AFFIRMED.

---

* The Honorable Jane R. Roth, Senior U.S. Circuit Judge Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.